# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

DALLAS MCINTOSH,            )
    Plaintiff,          )
                            )
v.                          )     Case No. 3:25-cv-03125-SEM
                            )
WEXFORD HEALTH SOURCES      )
INCORPORATED *et al.*,      )
    Defendants.         )

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1), a Motion for Leave to File an Amended Complaint (Doc. 6), and a Motion for Review of Complaint (Doc. 5) filed by Plaintiff Dallas McIntosh, an inmate at Western Illinois Correctional Center ("Western").

The Court dismisses Plaintiff's Complaint and denies his Motion for Leave to File an Amended Complaint, which moots Plaintiff's Motion for Review.

### I. SCREENING STANDARD

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. BACKGROUND

Plaintiff's initial pleading (Doc. 1) spans one hundred fifteen pages, with an additional fifty-one pages of exhibits. The Court's brief review shows that Plaintiff alleges constitutional violations against nineteen Illinois Department of Corrections officials and medical personnel, twenty-four John and Jane Doe individuals, and Wexford Health Sources, Inc. ("Wexford").

Plaintiff's proposed amended pleading (Doc. 6-1) expands to two hundred ten pages with an additional one hundred pages of exhibits. Plaintiff's amendment names thirty-six individuals, sixty-

nine Jane and John Does Defendants, Precise Specialties Corporation, and Wexford.

### III. ANALYSIS

The Court dismisses Plaintiff's Complaint (Doc. 1) and denies Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6).

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016).

Plaintiff's initial pleading asserts thirty-eight counts regarding deficient medical care at Illinois River Correctional Center ("River"), Lawrence Correctional Center ("Lawrence"), and Western. Specifically, Plaintiff claims that the alleged constitutional violations began in October 2020, when he was prescribed medication for his diagnosed gastroesophageal reflux disease ("GERD") while imprisoned at Lawrence. In this regard, Plaintiff asserts "an

inconsistency between refills" of his medications. (Pl. Compl., Doc. 1 at 14:36.) Plaintiff claims that his inconsistent behavior continued after his transfer to River in May 2022 based on policy, practice, and custom, regarding who was responsible for dispensing medication while Plaintiff was in restrictive housing. (*Id.* at 14:37-38.) After Plaintiff arrived at Western on an unspecified date, he claims he was experiencing symptoms typical of untreated GERD. (*Id.* at 17-49.)

Plaintiff's proposed amended pleading asserts fifty-seven counts regarding deficient medical care at River, Lawrence, Menard Correctional Center ("Menard"), Pinckneyville Correctional Center ("Pinckneyville"), and Western.

The extraordinary length of Plaintiff's Complaint and proposed Amended Complaint violates the primary intent of Rule 8 regarding mandated brevity when asserting constitutional violations. Additionally, Plaintiff's vague and convoluted assertions place an unreasonable burden on the Court to wade through and determine which claims, if any, have merit. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("District judges are busy, and therefore have a right to dismiss a complaint that is so long that it

imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention.").

Notwithstanding the Court's dismissal of Plaintiff's Complaint and the denial of his Motion to File an Amended Complaint, the Court grants Plaintiff leave to file a second amended complaint. In the interest of efficiency and judicial economy, the Court provides the following instructions.

For alleged constitutional violations that occurred at Lawrence, Menard, or Pinckneyville, Plaintiff must file his claims in the Southern District of Illinois. Lawrence, Menard, and Pinckneyville are located within the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. 93(c) (outlining the Illinois counties that comprise the Southern District). Therefore, the appropriate venue for the alleged violations that occurred at those facilities is the United States District Court for the Southern District of Illinois.

If Plaintiff seeks to pursue claims that occurred at River and Western, he must file separate lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different

defendants belong in different suits, not only to prevent … morass … but also to ensure that prisoners pay the required filing fees ….").

In other words, if Plaintiff files a Second Amended Complaint in the instant case, his second amended pleading can raise either the claims that occurred at River or at Western, but he cannot combine them in one lawsuit.

In accordance with Rule 8, Plaintiff's second amended complaint must provide "short and plain" statements that identifies each defendant and the acts or omissions the specific defendant was personally responsible for that caused the constitutional deprivation plaintiff alleges. *See Childress v. Walker*, 787 F.3d 433, 439 (2015) (an individual defendant is liable under 42 U.S.C. § 1983 if the plaintiff shows that the defendant was personally responsible for the constitutional violation alleged). "'A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent.'" *Rasho v. Elyea*, 856 F.3d 469, 478 (2017) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Furthermore, the Court informs Plaintiff that "[t]he Rules of Civil Procedure make a complaint just the starting point. Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving . . . ." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). It is unnecessary, and in fact, forbidden, for a complaint to include "all of the evidence needed to prevail at trial." *Id.*

Thus, any second amended pleading Plaintiff files in the instant case must not exceed twenty-five pages in length and not include any exhibits. *See Kadamovas*, 706 F.3d at 845 (concluding that a 28-page pleading alleging "seven distinct wrongs" was not excessively long). The Court does not accept piecemeal amendments. The amended complaint must stand complete on its own without reference to the initial pleading and must include all claims against all defendants. This prevents confusion over intended claims and defendants. The Court cautions plaintiff that joining unrelated claims and unrelated defendants into his amended complaint violates the controlling principle in Federal Rule of Civil Procedure 18(a). Fed. R. Civ. P. 18(a). In other words, multiple claims against a single defendant are permitted, but

"Claim A against defendant 1 should not be joined with unrelated Claim B against defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's Motion to Review Complaint (Doc. 5) is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint (Doc. 1) is DISMISSED.**

2) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) is DENIED.**

3) **Plaintiff's Motion to Review Complaint (Doc. 5) is MOOT.**

4) **The Court GRANTS Plaintiff leave to file a Second Amended Complaint within thirty days of the entry of this order and in compliance with the Court's instructions. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED November 17, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE